UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOAH MICHAEL MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-03193-JPH-TAB |
| MARK SEVIER, et al. | ) ) ) |
| Defendants. | ) ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Noah Miller, an inmate at New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Miller sues Mark Sevier, Jennifer French, Lt. Storms, and GEO Group, Inc. He alleges that upon his arrival at New Castle Correctional Facility, he was placed in a cell in the Restrictive Housing Unit with no observation by a medical professional. He has an implanted medical device that is controlled externally and can cause serious injury or death if it malfunctions. He states that he should be in a "hospital" environment and that all named defendants are aware of this situation and have not resolved it. He seeks damages and to be properly classified.

Based on the screening standard set forth above, Mr. Miller's claims **shall proceed** against Mr. Sevier, Ms. French, and Lt. Storms as he claims that they have been deliberately indifferent to a serious risk to him in violation of his Eighth Amendment rights. Mr. Miller's claim against GEO Group, Inc. is **dismissed.** Because GEO acts under color of state law by contracting to perform a government function, i.e., running a correctional institution, it is treated as a government entity for purposes of Section 1983 claims. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). GEO therefore "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by [its] employees. [It] can, however, be held liable for unconstitutional … policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). Mr. Miller has not alleged that the alleged denial of his rights resulted from a policy or practice on GEO's part.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 7, 2021,** in which to identify those claims.

### III. Conclusion and Service of Process

The claims against GEO Group have been dismissed and the **clerk shall terminate** this defendant on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 4/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOAH MICHAEL MILLER
281583
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Mark Sevier
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Jennifer French
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Lt. Storms
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362