UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOAH MICHAEL MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03193-JPH-TAB |
| | ) |
| MARK SEVIER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Noah Miller alleges in this civil rights lawsuit that, when he was confined at New Castle Correctional Facility ("NCCF"), the defendants, who are correctional officials, placed him the Restrictive Housing Unit ("RHU") without access to medical observation for an implanted medical device. Mr. Miller contends that this device is controlled externally and if it malfunctions it can cause serious injury or death. The defendants have moved for summary judgment. Dkt. [44]. For the reasons below, that motion is **GRANTED**.

## I.
## Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

1

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, Defendants have met their burden through their unopposed motion for summary judgment, and Mr. Miller did not file a response. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support

for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Mr. Miller arrived at NCCF on June 9, 2020. Dkt. 46-1 ¶ 7 (Davis Aff.). Upon his arrival, he was seen by medical personnel for COVID-19 screening. Dkt. 46-9 at 2. The defendants, who are correctional officials, concluded that medical personnel did not believe at this time that Mr. Miller needed to have infirmary placement. Dkt. 46-1 ¶ 8; dkt. 46-2 ¶ 8 (Storms Aff.); dkt. 46-3 ¶ 8 (French Aff.); dkt. 46-4 ¶ 8 (Sevier Aff.); dkt. 46-5 ¶ 8 (Jackson Aff.); dkt. 46-6 ¶ 8 (Fitch Aff.); dkt. 46-7 ¶ 8 (Cecil Aff.). He was placed in the RHU to quarantine as required by COVID-19 protocols. Dkt. 46-1 ¶ 7.

While in the RHU, Medical personnel were available to Mr. Miller on a 24-hour basis, and Wexford, the medical service provider at NCCF, was responsible for all medical care and decision-making for inmates at NCCF. *Id.* ¶¶ 11, 12. Nonetheless, on June 10, 2022, the day after Mr. Miller arrived at NCCF,

defendant Storms sent an email communicating to other staff his understanding that Mr. Miller had a heart monitor that required charging every five days. Dkt. 46-10 at 6. Defendant Fitch responded that Mr. Miller would probably need to be transferred to a cell setting. *Id.* at 5. Thus, prison officials submitted a request to transfer Mr. Miller on June 12, 2020, and that transfer was approved on June 15, 2020. Dkt. 46-1. ¶ 9.

## III.
## Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

For the purposes of this motion, the Court assumes that Mr. Miller's medical device constituted a serious medical need. To survive summary judgment, then, Mr. Miller must show that the defendants acted with deliberate

4

indifference—that is, that they consciously disregarded a serious risk to his health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

Deliberate indifference requires more than negligence or even objective recklessness. *Id.* Mr. Miller "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Id.* He has failed to do so here. The Seventh Circuit has "long recognized that the division of labor within a prison necessitates that non-medical officials may reasonably defer to the judgment of medical professionals regarding inmate treatment. 'If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019) (quoting *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)).

Here, it is undisputed that Mr. Miller was placed in quarantine in the RHU upon his arrival at NCCF due to COVID-19 protocols and was seen by medical staff. Dkt. 46-9 at 2. Further, medical staff was available to him during his time in the RHU. Dkt. 46-1 ¶ 11, 12. And, shortly after his arrival, even though medical staff had apparently not raised concerns regarding Mr. Miller's placement, based on their understanding regarding Mr. Miller's medical device, prison officials sought his transfer. *Id.* ¶ 9. Mr. Miller has not designated evidence that would permit a conclusion that the defendants knew that medical staff was not available to Mr. Miller or was not providing him necessary treatment. He also has not designated evidence that the defendants were aware that he needed any

5

additional accommodations. Accordingly, the defendants are entitled to summary judgment on Mr. Miller's claims.

## IV.
## Conclusion

The defendants' motion for summary judgment is **GRANTED**. Dkt. [44]. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/15/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOAH MICHAEL MILLER
8272 N. 400 E.
North Manchester, IN 46962

All Electronically Registered Counsel